EBENEZER IRONS and Wife *v.* WILLIAM H. FIELD and Wife.

To say of a person, "I will tell you what the matter with her is. She has had the pox," is actionable, as importing that the person of whom these words were spoken was, at the time the words were uttered, suffering from the disease named. *Semble*, that these words would not have been actionable if they had simply imported that the disease was a thing of the past

The court will presume, after verdict rendered, that everything was found by the jury which was necessary to support the verdict, even if not alleged in the pleadings of the party in whose favor the verdict has been found.

MOTION by defendant in arrest of judgment after verdict rendered, in an action of slander.

*Thurston, Ripley & Co., for the defendant,* contended that the plaintiffs' declaration was fatally defective, as charging the slanderous words alleged in the past tense, citing 1 Hilliard on Torts, 267 ; *Taylor* v. *Hall,* 2 Strange, 1189 ; *Carslake* v. *Mapleton,* 2 Term. 473 ; *Golderman* v. *Stearns and wife,* 7 Gray, 182 ; 3 Bl. Com. 123, note by Christian ; 2 Dane. Ab. 568.

*Van Slyck, contra,* contended that the charge was not that the plaintiff had had the disease and recovered, but that the disease was then upon her, and therefore actionable.

DURFEE, J.   We are of the opinion that the words alleged in the first count of the declaration to have been used, interpreted in the light of the innuendoes, imported that the plaintiff, Anna M. Irons, was at the time the words were uttered, suffering from the disease named, and that they were, therefore, actionable, though they would not have been actionable, according to the cases cited in behalf of the defendants, if they had simply imported that the disease was a thing of the past.   The count does not contain a colloquium which sets forth with fullness the circumstances which warrant this construction of the words alleged to have been used, and perhaps, on that account, would have been bad on demurrer, but after verdict, we feel bound to presume that everything was proved, even if not alleged, which was necessary to support the verdict.   Gould's Pleadings, Ch. 10, §§ 12, 13.

We deny the motion, and give the plaintiffs :

*Judgment upon the verdict.*